JOSEFA BONIEWSKY, ADMINISTRATRIX, PLAINTIFF, v. POLISH HOME OF LODI, A CORPORATION, DEFEND- ANT.

Argued March 4, 1925—Decided February 23, 1926.

1. Under *Pamph L.* 1922, p. 628, providing in substance that for injury or death by intoxication caused or contributed to by un- lawfully supplying intoxicating liquor, an action will lie—*Held*, that a verdict for plaintiff in this case was not against the weight of evidence.
2. On a rule to show cause why a new trial should not be granted, when the exceptions have been reserved for review upon appeal, the consideration of the question whether the verdict is against the weight of evidence, and whether the damages are excessive, is predicated upon the theory of the case entertained by the trial judge and his rulings therein, which, for the purposes of such consideration, are assumed to be correct.
3. Where by law punitive damages may be recovered, and the jury has been permitted to assess them, the verdict will not, ordi- narily, be set aside as excessive, unless the damages found are manifestly outrageous.

On defendant's rule to show cause.

Before Justices PARKER and KATZENBACH.

For the plaintiff, *Joseph J. Weinberger*.

For the defendant, *Peter J. McGinnis*.

The opinion of the court was delivered by

PARKER, J.   This case is founded on chapter 257 of the laws of 1922 (*Pamph. L., p.* 628), whose purport is quite fully expressed by its title.   That title reads as follows:

"An act providing for a right of action to recover damages in cases where injury to person or property, means of sup- port or otherwise, is caused by any intoxicated person, or by reason of the intoxication of any person, or by reason of the sale or procuring of intoxicating liquor in violation of law;

providing for the survival of such right of action in the event of the death of any person who may have suffered or inflicted such injury, and fixing the method of distribution of damages that are recovered where death results from intoxication or from the sale or procuring of intoxicating liquor in violation of law."

The plaintiff, both as general and special administrator of her deceased husband, sued for damages because his death, as she claimed, was due in whole or part to intoxicating liquor furnished him by the defendant, which is a corporation not for pecuniary profit—in effect, a social club. The jury found a verdict "in favor of the plaintiff, Josefa Boniewsky, administratrix, &c., against the Polish Home of Lodi, a corporation, for the sum of $100, and in favor of Josefa Boniewsky and two children, Stella and Jennie, against the Polish Home of Lodi, a corporation, for the sum of $12,000."

A number of interesting legal questions were raised by the reasons, and counsel undertook to argue them, but when it was pointed out that they were covered by exceptions taken at the trial, that the rule to show cause had reserved all exceptions, and that these would be waived on appeal if considered on this rule (*Ashhurst* v. *Atlantic Coast Railroad Co.,* 66 *N. J. L.* 16; *Newark Trust Co.* v. *Curtiss,* 85 *Id.* 491; *Faragasso* v. *Introcaso,* 98 *Id.* 583), argument of these points was abandoned, and the discussion was thereupon limited to weight of evidence and alleged excessive damages. In dealing with these questions on this rule, we must perforce assume, for present purposes, that the statute was a valid enactment, that plaintiff was entitled to invoke it, and that the cause was correctly tried and the jury correctly charged; in other words, we take the law of the case as laid down by the trial judge. *Bowlby* v. *Phillipsburg,* 83 *Id.* 377. Consequently, the questions to be now considered are: Was the verdict contrary to the weight of evidence, tested by the rules laid down by the trial judge? and, were the damages excessive, similarly tested by the instructions applicable thereto? We conclude that it was neither.

As to weight of evidence: The statute provides, and the court, in effect, charged, that a right of action is raised as against any person (which includes corporations—*Comp. Stat., p.* 4972, § 9), "who by unlawfully selling, or by unlawfully assisting in any manner in the procuring of such liquor, shall have caused *or contributed* to the said intoxication," &c., whereby the party consuming such liquor has suffered injury or death from intoxication.

A full recital of the evidence would serve no useful end. It sufficiently appeared on the evidence to justify the jury in finding that deceased, who was a member of the "Polish Home" (which, as we have said, was a sort of social club), spent about twenty-four hours there, playing cards and drinking; that the members took turns in acting as temporary stewards and in dispensing the supplies; that one or more of them served deceased with liquor; that he became very drunk, got home somehow, and died during the night of alcoholism. We make nothing of the argument that the man who supplied the liquor was not the agent of the club; the situation was as stated above—at least, the jury were entitled so to find, and that he was the *locum tenens* at that particular time. Nor need we spend time on the argument that the deceased was a chronic drinker; under the statute the action lies if the club *contributed* to his death, and a finding that it did so contribute, is clearly not against the weight of evidence.

As to the consideration by the jury of declarations by the deceased that he felt bad, felt rotten, &c., there are three answers at this time—first, that they are covered by objections and exceptions and thus reserved for appeal; secondly, that the court at the very outset of the charge instructed the jury to disregard them and eliminate them from the case (see *Bernadsky* v. *Erie Railroad Co.,* 76 *N. J. L.* 580); thirdly, the evidence of his illness and death from alcoholism is plenary, and his declarations were, to a great extent, harmless. But the sufficient answer is that these points are reserved for an appeal.

So much for the weight of evidence. As to the claim that the damages were excessive,. we turn again to the statute. This provides, in death cases, for compensation for pecuniary injury, in the language of the Death act (*Comp. Stat.* 1907, *et seq.*), but adds: "And the jury may also give exemplary or punitive damages in addition to damages for such pecuniary injuries." Deceased was about thirty-two years old, and left a widow and two children. He earned $30 a week, or, say, $1,500 a year. If he had been a sober, healthy man, killed, let us say, by an automobile, it would be difficult to say that this verdict of $12,000 was too much, even under the limited recovery provided in the Death act. If we assume this man was an alcoholic, as claimed, and would soon have paid the penalty in the course of nature (as to which we pronounce no judgment), there will still remain, as an offset, the punitive element in the statute. The late Mr. Justice Garrison, in *Haines* v. *Schultz,* 50 *N. J. L.* 481 (at *p.* 484), characterized the doctrine of punitive damages as "a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine." As long ago as 1833 this court said, in *Allen* v. *Craig,* 13 *Id.* 294, 301, touching a claim of excessive damages in an assault and battery case, that the action was, in its nature, vindictive, "and when a jury gives exemplary damages the court has no graduated scale by which to measure them, and its general and safest rule [which] is, not to interfere unless they are manifestly outrageous, seems very well and properly settled." See, also, *Berry* v. *Vreeland,* 21 *Id.* 183; *Dreimuller* v. *Rogow,* 93 *Id.* 1. The trial judge in the case at bar, relying on the statute, specifically instructed the jury that in case of a recovery they were entitled to award punitive damages in their discretion. From the form of the verdict we cannot say how much of the $12,000 was compensatory and how much punitive; but, assuming, as we must, that the jury exercised the powers committed to them, . it cannot be said that the verdict was excessive.

The rule to show cause will be discharged.